UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)



| | | |
|---|---|---|
| CHARANJIT AND PARBHUR SINGH, | : | |
| *Plaintiffs,* | : | |
| v. | : | Civ. Action No. 2:16cv276 |
| INTERACTIVE BROKERS LLC, | : | JURY TRIAL DEMANDED |
| BRAR CAPITAL LLC, | : | |
| and | : | |
| VIKAS BRAR, | : | |
| *Defendants.* | : | |

COMPLAINT FOR DAMAGES

Plaintiffs Dr. Charanjit Singh ("Dr. Charanjit") and Dr. Parbhur Singh ("Dr. Parbhur") (collectively "Drs. Singh" or "Plaintiffs"), by and through their undersigned counsel of record, for their complaint against Defendants Interactive Brokers LLC ("Interactive"), Brar Capital LLC ("Brar Cap") and Vikas Brar ("Mr. Brar") (Brar Cap and Mr. Brar are together referred to as "Brar Defendants") (Interactive, Brar Cap and Mr. Brar are collectively referred to as "Defendants") allege as follows:

Jurisdiction and Venue

1. The Court has jurisdiction pursuant to 15 U.S.C. § 78aa(a), 28 U.S.C. § 1367, 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. Venue is proper in this District pursuant to 15 U.S.C. § 78aa(a), as Defendants can be found and transact business in this District. Venue is also proper in this District pursuant

to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Venue is proper in this Division pursuant to this Court's Local Rule 3(B)(3).

Parties

3. Plaintiff Dr. Charanjit is an individual citizen of Virginia, residing at 3869 Old Shell Road, Virginia Beach, Virginia 23452. Dr. Charanit is presently 65 years old and married to Dr. Parbhur. Dr. Charanjit is a psychiatrist.

4. Plaintiff Dr. Parbhur is an individual citizen of Virginia, residing with his wife, Dr. Charanjit, at 3869 Old Shell Road, Virginia Beach, Virginia 23452. Dr. Parbhur is presently 67 years old. While Dr. Parbhur is an ophthalmologist, he suffered a debilitating stroke on November 30, 1990. Among other things, the stroke affected Dr. Parbhur's speech and the use of his hands, effectively disabling him from practicing medicine, including at all times relevant to the Complaint.

5. Defendant Interactive is a Connecticut LLC, with its principal place of business at One Pickwick Plaza-2nd Fl, Greenwich Connecticut 06830. Interactive is a broker-dealer registered with the Securities and Exchange Commission ("SEC") (SEC 8-47257), the Financial Industry Regulatory Authority ("FINRA") (CRD No. 36418), as well as various state securities regulatory agencies, including in Connecticut, Florida and Virginia.

6. Upon information and belief, Defendant Mr. Brar is an individual citizen of Florida, residing at 943 Hamilton Place Ln, Lakeland, Florida 33813. At all times relevant to the Complaint, Mr. Brar was not registered with the SEC, or Florida or Virginia agency as an investment advisor.

7. Upon information and belief, Defendant Brar Cap is a Florida LLC, established and owned by Mr. Brar as an investment advisory, with its principal place of business at 755 Christina Lake Drive, Lakeland, Florida 33813. At all times relevant to the Complaint, Brar Cap was not registered with the SEC, or Florida or Virginia agency as an investment advisor.

### Facts Common to All Counts

8. The foregoing allegations are realleged and incorporated herein as if set forth in full hereat.

9. In holding themselves out to the public, the Brar defendants made such representations, in words or in substance, as:

- Brar Capital LLC ("Brar Capital" or the "Firm") is a group of managed funds focused on providing safe returns for its clients through employing a value investing approach. This provides a roadmap to navigate successfully not only through market expansion but also through contraction.

- The Firm utilizes a combination of both a "top-down" and "bottoms-up" strategy in evaluating investment opportunities. Brar Capital seeks to invest in companies who are well poised to benefit from longer term global and macro trends.

- Our investment philosophy leads us to construct a portfolio predominantly of large capitalization, U.S. and International based, multinational companies. These companies hold a durable competitive advantage in attractive growth industries and as a result are beneficiaries of increasing market share, product innovation and enhancements in productivity. Brar Capital believes these businesses are most capable of generating superior earnings growth and augmenting cash flow over

3

time, leading to both capital preservation and appreciation.

• The Firm has tremendous flexibility to invest across assets classes (equities, derivatives, etc. and strategies in order to take advantage of market price dislocations caused by fear and greed in the marketplace. Brar Capital remains opportunistic in maximizing value for its clients while minimizing risks.

10. The Brar Defendants also held themselves out to the public as being *successful* investments advisors, including by use of a "Brar Capital LLC Return Profile" sample client report.

11. Upon information and belief, the information in the two proceeding paragraphs by the Brar Defendants contained misleading statements and omitted statements necessary to make other statements not misleading.

12. Upon information and belief, Interactive facilitated the investment advisor activities of the Brar Defendants by setting up a master account for either or both of the Brar Defendants and sub-accounts of the master account(s) for each client of the Brar Defendants.

13. Upon information and belief, all transactions for clients of the Brar Defendants were effected in the Interactive Brokers accounts.

14. Upon information and belief, to the extent that the Brar Defendants charged client fees, Interactive deducted investment advisor fees from those client accounts and deposited the fees into a master account of the Brar Defendants.

15. Upon information and belief, Interactive received a commission for executing each trade.

16. Upon information and belief, all correspondence between Interactive and the Brar Defendants during the time relevant to the Complaint went to the address of the Brar Defendants in Florida.

17. Upon information and belief, Interactive knew that the Brar Defendants were operating as an investment advisor(s) in Florida during the time period Interactive maintained client accounts for the Brar Defendants including that of Drs. Singh.

18. Upon information and belief, Interactive knew that the Brar Defendants were not registered as investment advisor(s) in Florida during the time period Interactive maintained client accounts for the Brar Defendants, including the account of Drs. Singh.

19. Upon information and belief, Interactive failed to perform adequate due diligence with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Florida prior to facilitating the Brar Defendants' unlawful investment advisor activity in Florida, including with regard to Drs. Singh.

20. Upon information and belief, Interactive failed to perform adequate due diligence with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Florida prior to August 1, 2015.

21. By documents dated August 11, 2011, the Brar Defendants opened an account for Drs. Singh with Interactive, naming Vikas S. Brar as "Financial Advisor" and Brar Capital as "Name of Advisor's Firm." The account was opened by means of an Interactive form entitled "Interactive Brokers LLC Account Application for Financial Advisor Clients For Individual or Joint Account Holders." While the account application purports to bear the signatures of both Dr. Charanjit and Dr. Parbhur in several places, the signatures are not those of either Dr.

Charanjit or Dr. Parbhur. The form also states that the address for each of the Singhs is their Virginia address.

22. Upon information and belief, the account of Drs. Singh was opened as a subaccount to a master account belonging to the Brar Defendants.

23. Upon information and belief, at all times relevant to the Complaint, the address for the account or subaccount for Drs. Singh was in Virginia.

24. Upon information and belief, Interactive knew that the Brar Defendants were operating as an investment advisor(s) with clients in Virginia, during the time period Interactive maintained client accounts for the Brar Defendants including that of Drs. Singh.

25. Upon information and belief, Interactive knew that the Brar Defendants were not registered as investment advisor(s) in Virginia during the time period Interactive maintained client accounts for the Brar Defendants, for clients in Virginia, including the account of Drs. Singh.

26. Upon information and belief, Interactive failed to perform adequate due diligence with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Virginia prior to facilitating the Brar Defendants' unlawful investment advisor activity in Virginia, including with regard to Drs. Singh.

27. Upon information and belief, Interactive failed to perform adequate due diligene with regard to the registration status of the Brar Defendants to determine whether the Brar Defendants were exempt from registration requirements in Virginia prior to August 1, 2015.

28. Thereafter, Interactive executed trades for Drs. Singh upon orders placed by the Brar Defendants. Upon information and belief, Interactive made commissions from the trades and deducted them from the funds in the account maintained for Drs. Singh.

29. The Brar Defendants engaged in increasingly and highly risky and unsuitable trading for Drs. Singh, which was facilitated by Interactive. The Brar Defendants, as facilitated by Interactive, increased the risks to Drs. Singh by using "margin" to purchase additional securities for the Drs. Singh account.

30. At the close of the U.S. markets on Thursday, August 20, 2015, the Drs. Singh account was worth $406,794.04. Their account consisted entirely of options positions that would change in value based on the CBOE Volatility Index (commonly known as "VIX" or the "fear" index), specifically options on VXX (VXX is an exchange-traded note (an "ETN") designed to provide investors with exposure to the VIX.

31. Upon information and belief, neither VIX nor VXX can be margined by Interactive.

32. On Friday, August 21, the value of Drs. Singh's account dropped more than one third, to $269,114.04. By 9:38 a.m., the value of Dr. Singh's account had fallen more than 100%, from a value of $269,114.04 to -$37,085.95. By 10:07 a.m., the account value had further plummeted to -$409,565.95 – in other words, the positions in the Singhs' account had suffered losses greater than they had deposited in the account. According to Interactive, the value of the account was also $1,200,751.56 below the value required to maintain its margin positions (i.e., the account had a margin deficit of $1,200,751.56. Upon information and belief, Interactive began liquidating positions in the Singhs' account at this time -- as well as other clients of the Brar Defendants, the Brar Defendants themselves, and other clients of Interactive.

33. Upon information and belief, Interactive has developed its own proprietary "autoliquidation" program, which it used to liquidate the positions in the account of Drs. Singh, as well as other clients of the Brar Defendants and the Brar Defendants themselves, which caused or greatly exacerbated liquidations in the account of Drs. Singh.

34. After all positions in the account were closed, the funds in the account were not sufficient to satisfy margin debt, as calculated by Interactive. Interactive has demanded $461,000, from Drs. Singh on top of their losses.

35. Drs. Singh have been damaged by the conduct of Defendants.

36. Defendants are liable to Drs. Singh for their damages, including interest costs and attorneys' fees.

### COUNT I
(Violations of § 10(b) of the Securities Exchange Act, 15 USC 78j, and Rule 10b-5 promulgated thereunder by the SEC

37. The foregoing allegations are realleged hereat, as if set forth in full.

38. Interactive facilitated the operations of the unregistered Brar Defendants.

39. Securities margined by Defendants in Plaintiffs' account were not eligible for margin.

40. Interactive's system of liquidation was flawed, which flaws played out in the liquidation of Drs. Singh's account.

41. Defendants' conduct constituted acts, practices or a course of business which operated as a deceit upon Drs. Singh, who lost their entire investment and are now the subject of a claim by Interactive for additional funds.

42. Defendants conduct was in connection with the purchase of sale of a security.

43. Defendants' conduct caused losses to Drs. Singh and Defendants are jointly and severally liable to Drs. Singh for the losses.

## COUNT II
(Registration Violations of Florida Blue Sky Law,
§§ 517.12, 517.211 Fla. Stat.)

44. The foregoing allegations are realleged hereat, as if set forth in full.

45. Defendants Mr. Brar and Brar Cap were each required to be registered as investment advisors with the State of Florida pursuant to its blue sky laws.

46. However, at no time relevant to the Complaint was Mr. Brar or Brar Cap registered with the State of Florida.

47. Interactive facilitated the unregistered investment activity by the Brar Defendants. Interactive acted as agent for the Brar Defendants, participated and aided in making sales of securities by the Brar Defendants.

48. Drs. Singh have suffered damages as a proximate cause of Defendants' conduct.

49. Defendants are jointly and severally liable to Drs. Singh for their damages, interest, costs and attorneys' fees.

## COUNT III
(Registration Violations of Virginia Blue Sky Laws,
Va. Code Ann. §§ 13.1-501, 522)

50. The foregoing allegations are realleged hereat, as if set forth in full.

51. Defendants Mr. Brar and Brar Cap were each required to be registered as investment advisors with the Commonwealth of Virginia pursuant to its blue sky laws.

52. However, at no time relevant to the Complaint was Mr. Brar or Brar Cap registered with the Commonwealth of Virginia.

53. Interactive facilitated the unregistered investment activity by the Brar Defendants.

Interactive acted as agent for the Brar Defendants, participated and aided in making sales of securities by the Brar Defendants.

54. Defendants, are jointly and severally liable to Drs. Singh under the blue sky laws of Virginia for Drs. Singh's damages, interest, costs and attorneys' fees.

## COUNT IV
### (Wrongful Liquidation Under Contract)

55. The foregoing allegations are realleged hereat, as if set forth in full.

56. Interactive's standard form of contract allows Interactive authority "to liquidate account positions in order to satisfy Margin Requirements without prior notice."

57. Upon information and belief, the liquidation process used by Interactive, including use of its autoliquidation program, caused liquidations that were not necessary to satisfy margin requirements in Drs. Singh's account.

58. By contracting with clients, Interactive agrees to be bound by and follow all applicable rules and regulations.

59. The manner in which Interactive liquidated the account of Drs. Singht was not in compliance with all applicable rules and regulations.

60. The conduct by Interactive in liquidating Drs. Singh's account breached its contract with Drs. Singh.

61. Interactive's breach of its contract caused damages to Drs. Singh.

62. Drs. Singh are entitled to recover their damages from Interactive, including interest, costs and attorneys' fees.

## COUNT V
### (Failure to Liquidate in a Commercially Reasonable Manner)

63. The foregoing allegations are realleged hereat, as if set forth in full.

64. In liquidating Drs. Singh's account, Interactive did so in a manner which was not commercially reasonable.

65. Interactive's failure to liquidate Drs. Singh's account in a commercially reasonable manner caused damages to Drs. Singh.

66. Drs. Singh are entitled to recover their damages from Interactive, including interest, costs and attorneys' fees.

## COUNT VI
### (Negligence)

1. The foregoing allegations are realleged hereat, as if set forth in full.

2. Interactives' conduct in facilitating the investment advisor activity of the Brar Defendants was negligent.

3. Interactive's negligence cause damages to Drs. Singh.

4. Drs. Singh are entitled to recover their damages from Defendants in the amount of $867,000, interest, costs and attorneys' fees.

## Conclusion

WHEREFORE, Plaintiffs respectfully request that the Court grant them their damages in the amount of , including interest, costs and attorneys' fees, and such other and further relief as to the Court seems just and proper.

Respectfully submitted,

_____ (#41166)
Arthur M. Schwartzstein, P.C.
1629 K Street NW Suite 300
Washington DC 20006
Tel. (703) 370-4000
amslaw@aol.com

Attorney for Plaintiffs Dr. Charanjit Singh and Dr. Parbhur Singh

Dated: June 6, 2016