IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



CHARANJIT SINGH, et al.,

    Plaintiffs,

v.

INTERACTIVE BROKERS LLC,
et al.,

    Defendants.

LEAD CASE:
CIVIL NO. 2:16cv276

## OPINION AND ORDER

This consolidated action has been stayed since November 30, 2016, when, on motion of defendant Interactive Brokers LLC ("IB"), the Court compelled arbitration and stayed the matter pending the same. ECF No. 24. Consistent with such order, the plaintiffs and IB submitted to arbitration before the FINRA Office of Dispute Resolution. On April 16, 2019, FINRA awarded damages, costs, and fees in favor of IB and against the plaintiffs. See ECF No. 42-2 ("Award"). The plaintiffs thereafter filed a Motion to Vacate or Modify the Award, ECF No. 42, and IB filed a cross Motion to Confirm the Award, ECF No. 51. For the reasons below, plaintiffs' Motion to Vacate or Modify the Award is **DENIED**, and IB's Motion to Confirm the Award is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On June 8, 2016, Charanjit and Parbhur Singh ("the Singhs") and Brar Family Partnership L.P. ("BFP")[1] (collectively, "Plaintiffs"), filed lawsuits against the Singhs' nephew, Vikas Brar; his financial advising firm, Brar Capital LLC; and IB, an online broker-dealer and securities investment firm. Singh Case, ECF No. 1; BFP Case, ECF No. 1. These two lawsuits relate to two

---

[1] The Singhs are the general partners of BFP. Am. Compl., BFP Case, ECF No. 3 ¶ 3.

1

IB investment accounts held by Plaintiffs: the Singhs' joint account established in August 2011 ("Joint Account") and BFP's account established in March 2012 ("Partnership Account"). See Amended Compl., Singh Case, ECF No. 2 ¶ 21; BFP Case, ECF No. 3 ¶ 21. The Singhs named Vikas Brar of Brar Capital LLC as their designated financial advisor for both accounts. Id.

### A. FACTUAL BACKGROUND

According to their Amended Complaints, by August 2015, both the Joint Account and the Partnership Account consisted almost entirely of options on the VXX, which is an exchange-traded note designed to expose options positions to the CBOE Volatility Index. See Singh Case, ECF No. 2 ¶ 30; BFP Case, ECF No. 3 ¶ 31. On August 20, 2015, the Joint Account was allegedly worth $406,794.04 and the Partnership Account was allegedly worth $1.8 million. See Singh Case, ECF No. 2 ¶ 30; BFP Case, ECF No. 3 ¶ 33. However, in August 2015, the stock market plunged, and the value of the Joint Account dropped to a value of –$409,565.95, with a margin deficit of approximately $1.2 million, and the value of the Partnership Account dropped to a value of $651,811.26, with a margin deficit of approximately $1.79 million. Singh Case, ECF No. 2 ¶ 32; BFP Case, ECF No. 3 ¶¶ 35–38. To cover these significant margin deficits, IB liquidated the positions in both accounts. See Singh Case, ECF No. 2 ¶¶ 32–33; BFP Case, ECF No. 3 ¶¶ 39, 42. After liquidation, both the Joint Account and the Partnership Account had insufficient funds to satisfy their margin debts, so IB demanded approximately $461,000 from the Singhs and $1.72 million from BFP to cover their respective debts. See Singh Case, ECF No. 2 ¶¶ 32–33; BFP Case, ECF No. 3 ¶¶ 39, 42.

### B. ARBITRATION PROCEEDINGS

On November 27, 2015, IB commenced arbitration proceedings against Plaintiffs before FINRA alleging breach of contract for failure to pay their account margin debts. See Award, ECF No. 42-2. In June 2016, Plaintiffs commenced the above-captioned lawsuits, which this Court

consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. See Singh Case ("Lead Case"), ECF No. 23; BFP Case, ECF No. 25. On November 30, 2016, on IB's motion, this Court compelled Plaintiffs to arbitrate their dispute with IB pursuant to their binding arbitration agreements and stayed the instant litigation pending completion of the arbitration. ECF No. 24.

On April 9, 2019, the FINRA Office of Dispute Resolution issued its Award in the consolidated matter of the arbitrations between IB and the Singhs and between IB and BFP. ECF No. 42-2. Such Award constitutes the full and final resolution of the issues submitted by the parties and was decided after the panel considered the parties' pleadings, the testimony and evidence presented at an evidentiary hearing, and the parties' post-hearing submissions. Id. at 4. The Award finds the Singhs liable to IB for unpaid account deficits in the amount of $461,225.13, plus interest, costs, and $103,279.07 in attorneys' fees. Id. at 4. The Award further finds BFP liable to IB for unpaid account deficits in the amount of $1,720,983.06, plus interest, costs, and $240,984.48 in attorneys' fees. Id. The Award also denies in their entirety all counterclaims filed by the Singhs and BFP in the arbitration. Id.

### C. PENDING MOTIONS

On July 11, 2019, Plaintiffs filed the instant Motion to Vacate or Modify the Arbitration Award ("Motion to Vacate or Modify Award").[2] ECF No. 42. On July 30, 2019, IB filed a cross motion to confirm the arbitration award ("Motion to Confirm Award") pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. ECF No. 51. Plaintiffs' Motion to Vacate or Modify Award and IB's Motion to Confirm Award were fully briefed.

---

[2] On July 19, 2019, Plaintiffs filed a notice of voluntary dismissal of all claims against defendants Vikas Brar and Brar Capital LLC in this consolidated action. ECF No. 47. Therefore, the above-captioned consolidated action is now proceeding only against the remaining defendant, IB.

3

On October 22, 2019, the Court held a hearing on the pending motions. Based on a procedural development[3] that Plaintiffs brought to the Court's attention, the Court ordered further briefing. ECF No. 56. Plaintiffs filed their Brief in Response to Court Order on November 6, 2019, ECF No. 57, and IB filed a Supplemental Memorandum of Law in Support of Motion to Confirm Arbitral Award, ECF No. 66. The parties then each filed a reply. ECF Nos. 68, 69. Plaintiffs' Motion to Vacate or Modify Award and IB's Motion to Confirm Award are now before the Court.

## II.  STANDARD OF REVIEW

Pursuant to the Federal Arbitration Act (the "FAA") and its animating principles, arbitration must remain a viable means of resolving disputes and not merely "a preliminary step to judicial resolution." Apex Plumbing Supply, Inc. v. U.S. Supply Co., 142 F.3d 188, 193 n.5 (4th Cir. 1998). Therefore, an arbitration award carries a "strong presumption" of validity, Williamson Farm v. Diversified Crop Ins. Servs., 917 F.3d 247, 253 (4th Cir. 2019), and judicial review of arbitration awards is "severely circumscribed." Apex Plumbing, 142 F.3d at 193. Indeed, it "is among the narrowest known at law." Id.

---

[3] In relevant part, the Court's October 23, 2019 Order reads:
    In Batchelar v. Interactive Brokers, LLC et al., a case discussed by IB in its letter regarding developments relevant to its Motion to Compel, ECF No. 20, the United States District Court for the District of Connecticut granted IB's motion to dismiss the complaint in that putative class action. No. 3:15-CV-01836 (VLB), 2016 WL 5661980, at *5 (D. Conn. Sept. 28, 2016). Subsequently, Batchelar appealed, and the United States Court of Appeals for the Second Circuit affirmed the dismissal of Batchelar's breach of contract and commercially unreasonable liquidation claims, while vacating and remanding Batchelar's negligence claims for further consideration. Batchelar v. Interactive Brokers, LLC et al., 751 F. App'x 55, 60 (2d Cir. 2018). Based on this remand in the Batchelar matter, a procedural concern arises regarding the status of Plaintiffs' claims encompassed within this putative class action in connection with the subsequent arbitration that occurred at IB's behest. In other words, if Plaintiffs' claims are encompassed by this putative class action based on the doctrine of relation back, then the subsequent arbitration of said claims could be perceived as improper under IB's class action exception to mandatory arbitration.
ECF No. 56.

When a party moves to vacate an arbitration award, the district court does not conduct a de novo review of the award's legal or factual findings. See Williamson Farm, 917 F.3d at 253; see also Mays v. Lanier Worldwide, Inc., 115 F. Supp. 2d 1330, 1335 (M.D. Ala. 2000) (citing In re Arbitration between Griffin Indus., Inc. & Petrojam, Ltd., 58 F. Supp. 2d 212, 221 (S.D.N.Y. 1999)). Rather, the court's review is limited to applying the standards created under the FAA and relevant case law in order to determine whether the remedy of vacating the arbitration award is appropriate. Id. As the Fourth Circuit has often stated, "a district or appellate court is limited to determin[ing] whether the arbitrators did the job they were told to do — not whether they did it well, or correctly, or reasonably, but simply whether they did it." Williamson Farm, 917 F.3d at 253 (quoting Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994)).

Therefore, to prevail, a party seeking vacatur "must clear a high hurdle. It is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." Stolt–Nielsen S.A. v. Animalfeeds Int'l Corp., 130 S.Ct 1758, 1773 (2010). Rather, "the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act or one of certain limited common law grounds." MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 857 (4th Cir. 2010). The FAA's four grounds for vacatur of an award include:

1) where the award was procured by corruption, fraud, or undue means;

2) where there was evident partiality or corruption in the arbitrators, or either of them;

3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). The limited common law grounds for vacatur include "those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." MCI Constructors, 610 F.3d at 857 (internal quotation omitted).

Furthermore, if the movant fails to allege sufficient bases to support its claims for vacatur, the court may deny the motion without a hearing. See, e.g., O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 746 n.3 (11th Cir. 1988); see also Legion Ins. Co. v. Ins. Gen. Agency, Inc., 822 F.2d 541, 543 (5th Cir. 1987) (finding that neither the FAA nor the Federal Rules require a reviewing court to conduct a hearing on a motion to vacate an arbitration award) (citing Fed. R. Civ. P. 43(e) and 78); Barinaga v. Cox, 321 F. App'x 664 (9th Cir. 2009) (same).

Here, Plaintiffs have also moved in the alternative to modify the Award. However, the grounds to modify an arbitration award are also extremely limited. Such grounds include where there is an "evident material miscalculation" or "evident material mistake" in the award. 9 U.S.C. § 11. In such cases, the FAA permits the court to modify and correct an award "so as to effect the intent thereof and promote justice between the parties." Id.

Finally, if an arbitration award is not vacated, modified, or corrected as set forth above, the appropriate court *must* grant an order confirming the award upon application by any party to the arbitration so long as the parties agreed to such resolution in their arbitration agreement. 9 U.S.C. § 9. If no court is specified in such agreement, "then such application may be made to the United States court in and for the district within which such award was made." Id. Here, the award at issue was made in Norfolk, Virginia, so this Court has jurisdiction to confirm the award.

### III. PRELIMINARY PROCEDURAL MATTER

The Court first turns to the procedural matter addressed at the October 22, 2019 hearing on the pending motions. At said hearing, the Court ordered additional briefing on the matter. ECF No. 56. The Court's concern stemmed from the United States Court of Appeals for the Second

6

Circuit's ("Second Circuit") vacatur and remand of certain claims in Batchelar. 751 F. App'x 55, 60 (2d Cir. 2018). Specifically, if Plaintiffs' claims here were encompassed by the Batchelar putative class action based on the doctrine of relation back, then the subsequent arbitration of said claims could be perceived as improper under IB's class action exception to mandatory arbitration.

In its Brief in Response to Court Order, Plaintiffs contend the same. ECF No. 57. To such end, Plaintiffs assert that the Singhs are members of the putative class action in Batchelar, as they have not opted out or been excluded from such class by the Connecticut district court. Id. at 8. In addition, the Connecticut district court has neither denied class certification nor decertified the class. Id. Thus, Plaintiffs conclude IB "should have been precluded from proceeding in arbitration against the Singhs and is certainly precluded from seeking to enforce the award." Id.

In response, IB argues that not only did Plaintiffs "participate[] in the arbitration hearing notwithstanding the Second Circuit decision on which they now rely to vacate the arbitrator's award," Plaintiffs are not potential class members of the putative class action in question. ECF No. 66 at 2. Further, even if there was any doubt about Plaintiffs' status in the pending putative class action, Plaintiffs have long since waived any such argument in the affirmative for failure to object prior to arbitration. Id.

Upon consideration of the parties' filings and further research, the Court finds Plaintiffs' position unpersuasive. Given the timeline of events in this case and the Batchelar matter, Plaintiffs effectively waived their right to assert such grounds for vacatur. Vigorito v. UBS PaineWebber, Inc., 557 F. Supp. 2d 303, 307–08 (D. Conn. 2008). On September 26, 2018, the Second Circuit vacated the dismissal of Batchelar's negligence claim, and Batchelar filed his second amended complaint on November 30, 2018. ECF No. 59. Thus, these events—that would have given rise to Plaintiffs' instant argument—occurred prior to the start of arbitration in this case, which began

7

on December 3, 2018. Vigorito v. UBS PaineWebber, Inc., 477 F. Supp. 2d 481, 487 (D. Conn. 2007), adhered to on reconsideration, 557 F. Supp. 2d 303 (D. Conn. 2008) ("Indeed, a disgruntled party cannot object after an award has been made . . . where the party has actual knowledge of the facts that form the basis of the objection."). Indeed, Plaintiffs were aware of the Batchelar matter far in advance of arbitration, as Plaintiffs first referenced the putative class action in their Memorandum in Opposition to Defendant Interactive Broker LLC's Motion to Compel Arbitration filed on September 6, 2016. ECF No. 11.

If Plaintiffs intended to rely on the argument that their claims were part and parcel to the putative class action in Batchelar and were therefore precluded from proceeding with arbitration, they should have immediately brought the Court's attention to Plaintiffs' arguments associated with the vacatur and remand in Batchelar *prior* to arbitration. Rather, upon completion of arbitration, Plaintiffs presented such argument for the first time at the motions hearing on October 22, 2019. For the Court to permit Plaintiffs to rely on the instant argument at this juncture would be fundamentally unfair. As the district court discussed in Vigorito,

> [t]o give the waiver no effect and to permit the [matter] to be raised for the first time after the adverse decision is rendered creates the "[h]eads I win, tails you lose" dilemma which the Second Circuit has explicitly warned of: a party to arbitration cannot waive an objection, staying silent hoping for a favorable outcome, and then lodge the objection in a motion to vacate when the arbitration ends adversely to it.

557 F. Supp. 2d at 307–08 (quoting AAOT Foreign Econ. Assoc. Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 139 F.3d 980, 982 (2d Cir. 1998)). As such, the Court will not entertain Plaintiffs' reliance on Batchelar to obtain vacatur in the instant matter, as Plaintiffs failed to object on that basis prior to arbitration.

### IV.    PLAINTIFFS' MOTION TO VACATE OR MODIFY THE AWARD

The Court now turns to the Plaintiffs' Motion to Vacate or Modify Award, which asks the Court to vacate the Award issued by FINRA or, in the alternative, to modify the Award by reducing

8

the amount of IB's compensatory damages and by eliminating or reducing the attorneys' fees awarded to IB. ECF No. 42 at 1; see Mem., ECF No. 44 at 9. In support of such motion, Plaintiffs claim that each of the four grounds for vacatur listed in Section 10 of the FAA applies and further claim that the arbitrators "acted in manifest disregard of the law." ECF No. 42 at 1. For the reasons below, the Court **FINDS** that Plaintiffs have failed to allege sufficient bases to support their requests for vacatur or modification of the Award, and therefore **DENIES** Plaintiffs' motion requesting the same.

### A. PLAINTIFFS FAIL TO ESTABLISH ANY OF THE FAA'S GROUNDS FOR VACATUR.

As set forth above, Section 10(a) of the FAA provides only four limited grounds on which a Court may vacate an arbitration award. They are discussed in turn below.

#### 1. Plaintiffs Have Failed to Allege Facts Showing that the Award was Procured by Corruption, Fraud, or Undue Means.

Plaintiffs first argue that the Award was procured by fraud or undue means because IB allegedly withheld discovery related to Vikas Brar, which in turn "denied the Singhs the opportunity to present to the arbitrators evidence that Brar had been compensated for his services as an investment advisor and held himself out to the public as an investment advisor, while being unregistered." ECF No. 44 at 6. However, Plaintiffs have not alleged that IB made any false representations about any evidence in its custody, or that IB made any false representations with the intent to mislead Plaintiffs or the arbitrators. Nor have Plaintiffs articulated how the purported evidence pertaining to Vikas Brar was material to Plaintiffs' claims or defenses against IB in the arbitration.[4] Indeed, as stated in the Award, the Panel found that, "even if registration [of Vikas Brar] had been required, Counterclaimants have not demonstrated . . . that [IB] should be held

---

[4] The only specific document Plaintiffs discuss in their motion is the July 11, 2019 affidavit of Vikas Brar averring that he was paid consulting fees in 2015 by Rohit Saroop and George Sofis, who are not parties to this dispute. See Ex 5 to Mem., ECF No. 45-5.

9

responsible for any investment advice given or not given." ECF No. 42-2 at 7. Therefore, Plaintiffs' claim that the Award should be vacated because IB procured the Award by fraud or undue means is without factual basis.

    **2.    Plaintiffs Have Not Alleged Any Facts to Suggest that the Arbitrators Acted with Evident Partiality.**

Plaintiffs next argue that the Award should be vacated under 9 U.S.C. § 10(a)(2) because the arbitrators displayed evident partiality during the arbitration. The only evidentiary support they offer for this claim is that the arbitrators allegedly failed to compel IB to produce certain items on FINRA "List 1." ECF No. 44 at 1. List 1 refers to a document production list of "presumptively discoverable documents" for firms to produce in customer cases as set forth in FINRA's Discovery Guide. See FINRA's Discovery Guide (2013), https://www.finra.org/sites/default/files/ArbMed/p394527.pdf.

To secure vacatur of an arbitration award under 9 U.S.C. § 10(a)(2), the alleged partiality of the arbitrator must be "direct, definite, and capable of demonstration" and established by "specific facts." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 991 F.2d 141, 146 (4th Cir. 1993). An adverse discovery ruling, without more, does not meet this standard. Importantly, Plaintiffs have not alleged any facts to suggest that the arbitrators acted with improper motive or bias in making their discovery rulings. With their reply brief, Plaintiffs submitted a copy of a 2018 order entered by the arbitration chair ("Chair") denying the Respondents/Plaintiffs' request to have their motion to compel referred to a panel. See Pl. Ex. 8, ECF No. 53-3. But Plaintiffs do not identify what in that order displays evident partiality against them during the arbitration. Nor can the Court glean any factual support for this claim when reviewing Plaintiffs' submitted materials. To the contrary, it appears from the 2018 order that the Chair permitted Respondents/Plaintiffs to submit supplemental briefs in support of their motion to compel. Id. at 2. But even after such

10

additional briefing, the Chair found that Respondents/Plaintiffs failed to establish the requisite "correlation between the 32 categories of documents listed in their Motion [to Compel]" and instead demanded everything on List 1 without sufficient explanation. Id.

As explained above, the arbitrators' findings are not subject to this Court's review on a motion to vacate an arbitration award. See Apex Plumbing, 142 F.3d at 193 (noting that "to allow full scrutiny of [arbitration] awards would frustrate the purpose of having arbitration at all"). Rather, the Court's review is limited to determining whether Plaintiffs have established one of the narrow grounds for vacatur. Here, Plaintiffs' claim that the arbitrators displayed evident partiality is, at best, vague and unsubstantiated, which is wholly insufficient to secure vacatur under 9 U.S.C. § (a)(2). Peoples Sec. Life, 991 F.2d at 146. Therefore, Plaintiffs' second purported ground for vacating the Award must also be denied.

  **3.**  **Plaintiffs Have Not Shown that the Arbitrators Were Guilty of Misconduct by Refusing to Hear Evidence Material to the Controversy.**

In their motion, Plaintiffs also suggest that the arbitrators' alleged failure to compel items from List 1 amounted to a refusal to hear evidence material to the controversy sufficient to satisfy the third ground for vacatur of the Award under Section 10 of the FAA. But this claim, too, is made without any factual basis. First, Plaintiffs do not identify any specific piece of evidence that they sought to introduce during arbitration that the arbitrators refused to admit or consider. Instead, Plaintiffs accuse IB of unfair discovery practices and imply—without any supporting facts—that the arbitrators somehow sanctioned such practices. Such an unsubstantiated claim is insufficient to support vacatur.

Second, even if Plaintiffs had identified a specific example of the arbitrators failing to receive relevant evidence, Plaintiffs would still need to allege facts demonstrating actual misconduct in the arbitrators' decision that "deprived [Plaintiffs] of a fair hearing." See Century

11

Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513, 557 (3d Cir. 2009) (internal citation omitted). Plaintiffs have not done so. There is simply nothing before this Court to suggest that the arbitrators engaged in misconduct. Accordingly, Plaintiffs' third claim for vacatur must also be denied.

### 4. Plaintiffs Have Not Shown that the Arbitrators Exceeded or So Imperfectly Executed Their Powers that the Award is a Nullity.

Plaintiffs next argue that the arbitrators exceeded or so imperfectly executed their powers in granting IB the full amount of attorneys' fees requested that the Award, or at least the attorneys' fees portion of the Award, should be vacated under 9 U.S.C. § 10(a)(4). In support, Plaintiffs claim that the arbitrators awarded such fees without considering "the fees [IB] received in other arbitration proceedings involving Brar and without a finding of reasonableness." ECF No. 44 at 7. However, Plaintiffs do not show why the fees incurred in other arbitration proceedings would be relevant or why the fee award was unreasonable in this case. Nor do Plaintiffs provide any support for the notion that arbitrators have to make an explicit finding of reasonableness before awarding attorneys' fees. In fact, the Fourth Circuit has held the opposite. Wells Fargo Advisors, LLC v. Watts, 540 F. App'x 229, 232 (4th Cir. 2013) (unpublished) (citing MCI Constructors, 610 F.3d at 859 n.6 ("Arbitration panels are not required to explain their decisions.")).

Here, the arbitrators explicitly stated that it awarded IB attorneys' fees "pursuant to the contracts between the parties." See Award, ECF No. 42-2, at 4. Plaintiffs have made no showing that the arbitrators exceeded their powers in making such an award or that the grant of attorneys' fees violated or exceeded the scope of the parties' contract. Cf. Williamson Farm, 917 F.3d at 259 (affirming vacatur of award of "extra-contractual" damages and fees). Therefore, Plaintiffs have presented no viable ground for vacating the attorneys' fees award under Section 10 of the FAA.

### B.   PLAINTIFFS HAVE NOT SHOWN THAT THE ARBITRATORS DISPLAYED A MANIFEST DISREGARD OF THE LAW.

Plaintiffs also assert common law grounds for vacating the Award. As noted above, these grounds include "those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law." Williamson Farm, 917 F.3d at 253 (internal quotations omitted). In making this claim, Plaintiffs again focus on the issue of Vikas Brar and whether he was registered as an investment advisor at the time he acted as the Singhs' financial advisor for their IB accounts. ECF No. 44 at 7. Plaintiffs claim that the arbitrators disregarded applicable state law and erroneously relied on the testimony of one of IB's experts in finding that Vikas Brar and Brar Capital LLC were not required to register as financial advisors under the registration laws of Florida. Id.; see Award, ECF No. 42-2, at 7. However, this argument fails for two reasons.

First, "an arbitration award is enforceable even if the award resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusion." Williamson Farm, 917 F.3d at 253 (internal quotation omitted). Therefore, even if the arbitrators did misinterpret Florida registration law as Plaintiffs claim, Plaintiffs would have to show that the arbitrators did so intentionally. That is, Plaintiffs would have to show that (1) there was an applicable legal principle that was "clearly defined and not subject to reasonable debate" and (2) that the arbitrators "refused to heed that legal principle." Long John Silver's Restaurants, Inc. v. Cole, 514 F.3d 345, 350 (4th Cir. 2008) (internal quotation omitted). However, Plaintiffs do not make any such showing. They merely state, in conclusory fashion, that the arbitrators "were clearly aware of the law" because they read the "entire Florida statute," but they instead "chose to ignore the law." ECF No. 44 at 8. Such unsubstantiated accusations are not valid grounds for vacating an arbitration award.

Second, Plaintiffs' claim of "manifest disregard" is discredited by the Award itself, which plainly states that the registration issue was not dispositive of the arbitrators' ruling. The Award explains: "[E]ven if registration had been required, Counterclaimants have not demonstrated on the record in this case that Claimant should be held responsible for any investment advice given or not given." Award, ECF No. 42-2, at 7. Indeed, the arbitrators ultimately concluded that IB's duties to Plaintiffs in this case stem from contract and found "no facts whatever . . . to establish that [IB] breached any duty of contract performance owed to [Plaintiffs]." Id. Therefore, the arbitrators concluded that the status of Vikas Brar had no impact on the Plaintiffs' rights and duties under their contracts with IB. Just because Plaintiffs disagree with this conclusion is not grounds to vacate the Award and give Plaintiffs a second bite at the apple.

### C. PLAINTIFFS HAVE NOT PRESENTED VALID GROUNDS TO MODIFY THE AWARD.

Lastly, Plaintiffs ask the Court to modify the damages awarded by the arbitrators if the Court ultimately declines to vacate the Award. Specifically, Plaintiffs asks the Court (1) to reduce the compensatory damages award by the commissions IB received on Plaintiffs' trades and (2) to reduce or eliminate the attorneys' fees awarded as "unreasonable." ECF No. 44 at 8–9.

As noted above, the FAA permits modification of arbitration awards under very limited circumstances. 9 U.S.C. § 11. Relevant here, Plaintiffs would have to show "evident material miscalculation" or "evident material mistake" in the damages and fees awards to secure such relief. Id. However, Plaintiffs merely state, in conclusory fashion, that the Award's damages total is in excess of what is necessary "to make [IB] whole" and that the attorneys' fees are unreasonable. ECF No. 44 at 8. Plaintiffs do not show or even allege that such awards are legally impermissible or miscalculated. Therefore, their request for modification of the compensatory damages and fees awarded by the arbitrators must be denied.

14

### D. CONCLUSION

In sum, Plaintiffs have failed to meet their heavy burden of showing any cognizable ground under the FAA or the common law for this Court to vacate or modify the parties' arbitration Award. Therefore, Plaintiffs' Motion to Vacate or Modify the Arbitration Award is hereby **DENIED**.

## V. IB'S MOTION TO CONFIRM THE AWARD

The Court now turns to IB's cross Motion to Confirm the Award. ECF No. 51. As explained above, Section 9 of the FAA provides that, upon a party's application, a court *must* enter an order confirming an arbitration award if: (1) the parties agreed in the arbitration agreement that judgment may be entered by the court; (2) the award has not been vacated, modified, or corrected; and (3) the moving party has requested the confirmation within one year of the award.

Here, IB's motion meets all of these requirements. First, the arbitration agreements between the parties explicitly state that judgment may be entered on any arbitration award conducted pursuant to such agreements "by any court having jurisdiction thereof." See IB Account Application, ECF No. 7-3, at 21. Second, the Court has denied Plaintiffs' motion to vacate or modify the Award finding no grounds to grant such relief. Third, IB has made its request for confirmation within one year of the Award, which was issued in April 2019. Accordingly, IB's Motion to Confirm Award is hereby **GRANTED**, ECF No. 51, and the Court shall enter judgment consistent with the arbitrator's award in this matter.

## VI. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows. Plaintiffs' Motion to Vacate or Modify Arbitration Award is **DENIED**. ECF No. 42. Interactive Brokers LLC's Motion to Confirm Arbitration Award is **GRANTED**. ECF No. 51. Accordingly, the Clerk is **DIRECTED** to enter judgment consistent with the parties' arbitration award as follows:

1.  Judgment in favor of defendant Interactive Brokers LLC and against plaintiffs Parbhur and Charanjit Singh in the amount of $461,225.13 plus interest at the rate of 1% per annum from August 24, 2015, until the award is paid in full, plus $103,279.07 in attorneys' fees and $776.89 in costs.

2.  Judgment in favor of defendant Interactive Brokers LLC and against plaintiff Brar Family Partnership L.P. in the amount of $1,720,983.06 plus interest at the rate of 1% per annum from August 24, 2015, until the award is paid in full, plus $240,984.48 in attorneys' fees and $1,812.73 in costs.

The Clerk is further **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 17, 2019